
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**Mark Fritsche,**

        **Plaintiff,**

                                            **COMPLAINT**

v.

**Department of the Army**
**John E. Whitley, (Former) Acting Secretary**      **Case No. 21 CV 470**
**Christine Wormuth, Secretary**

        **Defendants.**

---

Plaintiff, Mark Fritsche, by and through his attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of Defendants as follows:

## PARTIES

1. Plaintiff, Mark Fritsche, is an adult individual and resides at 23369 Interbay Ave., Tomah, Wisconsin.

2. Defendant, Department of the Army, is an Agency of the United States Government.

3. Defendant John E. Whitley was, at all relevant times including when the Final Agency Decision was issued, Acting Secretary of the Department of the Army. He was also the party responsible for promulgating orders, rules, instructions, and regulations of Defendant, Department of the Army, including but not limited to those orders, rules, instructions and regulations concerning employment discrimination, harassment, retaliation, and a hostile work environment.

4. Defendant, Christine Wormuth, is currently the Secretary of the Department of the Army. She replaced John E. Whitley, in May of 2021, after the Final Agency Action was issued on April 26, 2021.

## NATURE OF THE ACTION

5. Plaintiff, Mark Fritsche, claims the Defendant Department of the Army retaliated against him because he engaged in a protective activity, the filing of EEOC Complaints alleging retaliation in violation of Title VII of the Civil Rights Act, in violation of 42 U.S.C. § 2000e-3.

6. On August 14, 2019, Plaintiff filed a timely complaint with the EEOC alleging retaliation in violation of Title VII of the Civil Rights Act.

7. A final agency decision was issued, with respect to the complaint identified in paragraph six, on April 26, 2021.

8. On July 30, 2020, Plaintiff Fritsche filed a timely complaint with the EEOC alleging retaliation in violation of Title VII of the Civil Rights Act.

9. More than 180 days have passed since the July 30, 2020, complaint was filed. An appeal has not been filed and a Final Agency Action has not been issued.

## JURISDICTION AND VENUE

10. Jurisdiction in this Court is proper as this case presents a federal question and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

11. Plaintiff, Mark Fritsche has been a civilian employee of the U.S. Army since 2007.

12. During the time period of the claims at issue in this case, Fritsche was the Director of Emergency Services for the U.S. Army Garrison at Fort McCoy, Wisconsin. At all relevant times, Fritsche performed his duties and responsibilities in a manner that met the legitimate expectations of his employer, the Department of the Army.

13. In 2016, Plaintiff Fritsche filed an EEOC complaint against the U.S. Army alleging discrimination in violation of Title VII of the Civil Rights Act. The complaint was resolved through a Negotiated Settlement Agreement signed in April of 2017.

14. From 2016 through June of 2020, James Chen was the Deputy to the Garrison Commander at Fort McCoy.

15. Chen became Plaintiff Fritsche's first line supervisor in January of 2016. In 2017, Chen became aware of Fritsche's prior EEOC activity.

16. During the relevant time period, in addition to Plaintiff Fritsche, Chen supervised six other director level employees. They were all direct reports to Chen. Chen refers to these six other direct reports as Plaintiff Fritsche's "peers."

17. The other Director level employees who Chen supervised and considered to be Plaintiff Fritsche's peers were Maureen Richardson, Dale (Brad Stewart), Terry Streeton, Liane Haun, Keeneth Musselwhite, and Patric McGuane.

18. Colonel Kim began employment as the Garrison Commander at Fort McCoy in May of 2018. His employment at Fort McCoy ended in June of 2020.

19. Colonel Kim has been Chen's first line supervisor and Plaintiff Fritsche's second line supervisor since 2018. Kim became aware of Plaintiff Fritsche's prior EEOC activity (filing a discrimination complaint) at around the time he started at Fort McCoy.

20. Incentive awards for Department of Defense civilian employees are governed by DOD Instructions and Regulations, which set forth specific rules and criteria for incentive awards.

21. Incentive awards are specifically linked to and may have an impact on personnel actions, including promotions. DOD Instruction 1400.25, 3.7(a) provides that, in determining promotions, "due weight will be given to performance appraisals and incentive awards."

22. At all relevant times, incentive awards were a normal and expected part of Fritsche's salary.

23. Incentive awards require documentation and justification. The Department of Defense Civilian Performance Plan, Progress Review and Appraisal ("DPMAP") is the justification for performance awards.

24. At Fort McCoy, Chen created a document titled "Fort McCoy Deputy to the Garrison Commander Incentive Awards Guidance."

25. In 2019, Chen prepared a DPMAP for Plaintiff Fritsche. Chen ranked Plaintiff Fritsche, in all areas, as a 5. A 5 is an "outstanding" rating, the highest rating that is available.

26. Prior to 2019, Plaintiff Fritsche had historically received incentive awards that were either 5% or more of his salary. In 2019, Plaintiff Fritsche received an incentive reward of 1.92% of his salary.

27. During 2018 and 2019, Plaintiff Fritsche's peers at Fort McCoy were other Director level employees. Like Plaintiff Fritsche, these other Director level employees were reviewed by Chen and received ratings of 5 on their DPMAPs. In contrast to Plaintiff Fritsche, the other Director level employees received incentive awards of 5.17% to 6.0%.

28. Chen was the individual who recommended the amount of the 2019 incentive awards to Colonel Kim. Kim approved the incentive awards proposed by Chen and Kim claims that he relied on Chen's recommendations.

29. At Fort McCoy, there has been an installation gym/fitness center referred to as the Rumple fitness center. In February of 2019, the construction of a new gym was completed, which is referred to as the Directorate of Emergency Services ("DES") gym. The purpose of the DES gym was to allow DES employees to use the gym, while at the same time being able to respond to emergency services calls. The gym was also open to all DES employees, in addition to the

emergency service providers.

30. Based on multiple meetings Chen attended and Plaintiff Fritsche was present at, Chen knew the purpose of the gym and that it was open to all DES employees. After the DES gym was built, Chen was aware that Plaintiff Fritsche routinely worked out at the DES gym.

31. Plaintiff Fritsche informed Chen that all DES employees used the gym and Chen was aware that Fritsche frequently exercised at Fort McCoy. In addition, Chen asked Plaintiff Fritsche if non DES employees could use the gym.

32. In July of 2019, Chen initiated a Commander's Inquiry after Chen claims he received a union complaint that DES leadership was using the gym during duty hours. Chen was aware of alleged issues regarding use of the gym as of April of 2019, but intentionally waited to initiate the Commander's Inquiry until after Fritsche was deployed on active duty to Kuwait/Iraq, through the Army Reserves, on July 5, 2019.

33. The Commander's Inquiry was targeted at Plaintiff Fritsche and designed to lead to Fritsche's termination.

34. Chen claims he did not know who DES leadership was. Chen claims that, when he initiated the inquiry, he did not know that Plaintiff Fritsche used the gym.

35. The Union sent Chen an e-mail indicating that it did not have any witnesses to the alleged misuse of the EMS gym. Chen decided to proceed with the Commander's Inquiry, nonetheless.

36. Plaintiff Fritsche was interviewed as part of the Commander's Inquiry. On the other hand, several DES employees who used the gym were not questioned as part of the Inquiry.

37. The questions the investigator asked Fritsche were specific to him, rather than general questions (including dates and times), indicating that Fritsche was the target of the investigation.

38. On January 15, 2020, Plaintiff Fritsche applied for the position of Deputy Garrison Commander at Fort McCoy.

39. Fritsche was not selected to be interviewed for the position, even though he was equally or more qualified than other applicants for the position who were selected to be interviewed.

40. Fritsche was not selected to be interviewed for the Deputy Garrison Commander position based on rankings by Chen. As a result, Fritsche was denied the promotion to the Deputy Garrison Commander position.

41. The Deputy Garrison Commander position was initially awarded to an individual who did not meet the requirements and qualifications for the Deputy Garrison Commander position. It was subsequently awarded to an individual who was less qualified for the position than Plaintiff Fritsche.

42. In May of 2020, Fritsche was still deployed on active duty to Kuwait/Iraq as a member of the Army Reserves.

43. While deployed on active duty, Fritsche was required to fill out and submit time cards to Fort McCoy.

44. Similarly situated employees who were also deployed at the same time as Fritsche, and who had the same timekeeper, were not required to fill out and submit time cards to Fort McCoy.

45. In June or July of 2020, Fort McCoy issued incentive awards to employees at Fort McCoy.

46. Fritsche did not receive an incentive award in 2020. He did not receive an incentive award until July of 2021.

47. Plaintiff Fritsche has suffered pecuniary loss and harm as result of Defendant's wrongful conduct.

48. Plaintiff Fritsche has suffered emotional distress and damages as a result of Defendant's wrongful conduct.

**FIRST CAUSE OF ACTION:**
**RETALIATION FOR OPPOSING DISCRIMINATORY CONDUCT**
**(VIOLATION OF 42 U.S.C. § 2000e-3)**

49. Plaintiff Fritsche realleges and incorporates all previous paragraphs.

50. Plaintiff Fritsche opposed what he reasonably believed to be unlawful and discriminatory employment practices and engaged in protected activity, by filing his EEOC discrimination complaint in 2017, and Defendant Department of the Army was aware of his opposition and protected activity.

51. Plaintiff Fritsche opposed what he reasonably believed to be unlawful and discriminatory employment practices and engaged in protected activity, by filing his EEOC retaliation complaint in 2019, and Defendant Department of the Army was aware of his opposition and protected activity.

52. Defendant Department of the Army retaliated against Plaintiff Fritsche for opposing discriminatory employment practices and filing his retaliation complaints, as set forth in paragraphs 11 through 48 of this Complaint.

53. Defendant Department of the Army's conduct was a violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3.

54. Plaintiff Fritsche has suffered and continues to suffer emotional and pecuniary harm as a result of Defendant Department of the Army's actions.

WHEREFORE, Plaintiff Fritsche respectfully requests the following relief:

A. Damages for Plaintiff's pecuniary harm and loss;

B. Back pay and front pay;

C. Injunctive relief, including an award of his incentive bonus and injunctive relief relating to the denial of a promotion to Deputy Garrison Commander;

D. Compensatory damages, including damages for emotional distress;

E. A cease and desist Order prohibiting Defendant from further acts of retaliation;

F. Attorney's fees and costs; and

G. Such other further relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Dated: 7/26/2021

BAKKE NORMAN, S.C.

By: _____
Peter M. Reinhardt
Attorney No. 1025187
2919 Schneider Avenue SE, P.O. Box 280
Menomonie, WI 54751-0280
(715) 235-9016
preinhardt@bakkenorman.com
Attorneys for Mark Fritsche