IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK FRITSCHE,

                Plaintiff,                            OPINION AND ORDER

v.

                                                                  21-cv-470-wmc

DEPARTMENT OF THE ARMY, JOHN E. WHITLEY
and CHRISTINE WORMUTH,

                Defendants.

Plaintiff Mark Fritsche has sued his former employer, the Department of the Army, for: (1) retaliating against him, in violation of Title VII of the Civil Rights Act; and (2) failing to accommodate his disability, in violation of the Rehabilitation Act. Defendants filed a motion to dismiss plaintiff's Rehabilitation Act claim for failure to state a claim, contending that he has pleaded himself out of court by alleging that he could perform his job to defendants' satisfaction without an accommodation. (Dkt. #9). Plaintiff responded by filing a motion for leave to file a second amended complaint (dkt. #11), to add allegations to support his failure-to-accommodate claim.

Plaintiff's motion will be granted, and defendants' motion will be denied. Although many of plaintiff's allegations are vague and conclusory, his proposed second amended complaint includes sufficient allegations to state a failure to accommodate claim under the Rehabilitation Act.

BACKGROUND[1]

From 2007 until November 2021, plaintiff Mark Fritsche worked as the Director of Emergency Services for the U.S. Army Garrison at Fort McCoy, Wisconsin. Plaintiff has a psychological impairment of adjustment disorder with depression, anxiety, panic attacks and post-traumatic stress disorder. Beginning in 2016, plaintiff filed a series of discrimination and retaliation complaints with the Equal Employment Opportunity Division. Plaintiff alleges that after his supervisors became aware of his complaints, they retaliated by giving him poor performance evaluations, reducing his monetary incentive awards, and refusing to promote him. Plaintiff further alleges that his existing psychological impairments were aggravated by his supervisor's actions, and he required inpatient psychological treatment. He later asked for an accommodation by either being assigned to a new supervisor or being transferred to a different position. Defendants refused his requested accommodations, and plaintiff resigned from his position.

Plaintiff then filed this lawsuit, raising a retaliation claim under Title VII and a failure to accommodate claim under the Rehabilitation Act. Defendants moved to dismiss the Rehabilitation Act claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the court may dismiss a claim if the allegations in the complaint are insufficient to state a claim, *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009), or the alleged facts show that plaintiff has pleaded himself out of court, *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

---

[1] The following facts are drawn from plaintiff's proposed second amended complaint. (Dkt. #12-1). The court has accepted plaintiff's plausible factual allegations as true and has drawn all reasonable inferences in plaintiff's favor. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

OPINION

The Rehabilitation Act requires a federal employer to reasonably accommodate the known physical and mental disabilities of a qualified employee. 29 U.S.C. § 794; *McCray v. Wilkie*, 966 F.3d 616, 620–21 (7th Cir. 2020). To state a failure to accommodate claim, plaintiff must allege facts showing that: (1) he was a qualified individual with a disability; (2) defendants were aware of his disability; and (3) defendants failed to accommodate his disability reasonably. *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019).

Defendants contend that plaintiff's pleadings fail to satisfy these elements because his allegations do not show that he was a "qualified individual with a disability." Specifically, defendants argue that plaintiff fails to allege that he needed an accommodation to perform any essential functions of his job. Defendants' point is well taken. A plaintiff cannot state a failure to accommodate claim if he "was able to perform all essential functions of [the] job without regard to [any] physical or mental limitations." *Brumfield v. City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2013). Said another way, "an employer's accommodation duty is triggered only in situations where an individual who is qualified on paper requires an accommodation in order to be able to perform the essential functions of the job." *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 852 (7th Cir. 2015). Here, plaintiff alleges in his pleadings that he "performed his duties and responsibilities in a manner that met the legitimate expectations of his employer, the Department of the Army." (2d Am. Cpt. (dkt. #12-1) ¶¶ 14, 51).)

However, the court concludes that defendants' argument is premature. Although plaintiff alleges that he was able to meet the expectations of his employer, he also alleges that continuing to perform his job caused a deterioration of his mental health, resulting in inpatient treatment and ultimately his resignation. (*Id.* at ¶¶ 55, 73.) At the pleading stage, it is

3

reasonable to infer that plaintiff was able to perform his job only with significant difficulty and that he needed an accommodation to continue performing his job at all. Defendants have cited no legal authority suggesting that an employer would not be required by the Rehabilitation Act to accommodate an employee under such circumstances.

Accordingly, the court will deny defendants' motion to dismiss. But at summary judgment or trial, plaintiff will have to come forward with specific evidence showing: (1) defendants' failure to accommodate his disability "prevent[ed] [him] from performing an essential function of the particular job at issue," *Brumfield*, 735 F.3d at 633; and (2) the accommodation he sought would have been effective and reasonable, *Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 288–89 (7th Cir. 2015).

## ORDER

IT IS ORDERED that:

1) Plaintiff Mark Fritsche's motion for leave to file a second amended complaint (dkt. #11) is GRANTED.

2) Defendants' motion to dismiss plaintiff's Rehabilitation Act claim (dkt. #9) is DENIED.

Entered this 10th day of August, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge